**Ernest HORN et al., Plaintiffs,**

v.

**AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, AFL–CIO, DIVISION 1303, an unincorporated labor association, Defendant.**

**Civ. No. 21044.**

United States District Court
E. D. Michigan, S. D.
May 26, 1961.

Philip Weiss, Jesse R. Bacalis, Detroit, Mich., for plaintiffs.

Theodore Sachs, Rothe, Marston, Mazey, Sachs & O'Connell, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is a motion to dismiss a complaint brought pursuant to the Bill of Rights of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq. The principal question before the Court concerns the

scope of § 101(a) (1) of such Act, 29 U.S.C.A. § 411(a) (1).

The plaintiffs are members of the defendant, an unincorporated labor association. The most essential allegations of the complaint are that the defendant Union caused or accepted a change of certain seniority provisions in an existing bargaining agreement without membership approval; that at a subsequent meeting, the defendant Union concealed the fact that the vote taken was a ratification vote of such change; and that the defendant Union misled the plaintiff members as to the import and effect of the proposition voted upon.

Plaintiffs allege that the above acts of the defendant deprived them of the equal rights guaranteed to members of a labor organization by § 101(a) (1), 29 U.S.C. A. § 411(a) (1).

§ 101(a) (1) provides as follows:

"Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws."

Defendant's principal contention in support of its motion to dismiss is that the complaint fails to state a cause of action in that it does not allege a violation of any rights protected by this section of the Labor-Management Reporting and Disclosure Act of 1959.

The Court notes at the outset that the complaint does not allege a deprivation of the *equal rights* of the plaintiffs. The complaint also fails to allege any acts by the defendant contrary to any *specific* provision of § 101(a) (1) such as, for example, the equal right "to vote in elections or referendums".

Plaintiff contends, however, that this section must be broadly construed in accordance with such express indications of legislative intent as can be found in House Committee Report #741 reported in CCH Labor Law Reporter, 3 Labor Relations, § 7,443:

"Some trade unions have acquired bureaucratic tendencies and characteristics. The relationship of the leaders of such unions to their members has in some instances become impersonal and autocratic. In some cases men who have acquired positions of power and responsibility within unions have abused their power and forsaken their responsibilities to the membership and to the public * * * Effective measures to stamp out crime and corruption and guarantee internal union democracy cannot be applied to all unions except through powers of the government * * * It is essential that union practices and procedures be democratic and that they recognize and protect the basic rights of the union members and the employees represented by unions."

This House Committee Report clearly shows that the reporting committee was concerned about instances of lack of "internal union democracy" and proposed that effective measures for the protection of "basic rights" could be applied only through powers of the Government. It is evident that the Bill of Rights of the Labor-Management Reporting and Disclosure Act of 1959 was the response of Congress to this concern in which the basic rights to be protected are *specifically* set out. This Court does not believe that the above House Committee Report sheds any light whatever on the issue before the Court.

The question of whether Congress meant what it said by *specifically* setting forth certain rights in the Bill of Rights of the Act, or whether such Bill of Rights was intended to create rights not so specified has been touched upon in several reported decisions under the Act. In Allen v. Armored Car Chauffeurs et al., D.C.N.J.1960, 185 F.Supp. 492, 494, for example, the following language appears:

562

"With reference to the Labor-Management Reporting and Disclosure Act of 1959, there is naturally a paucity of judicial authority as to the exact meaning of Title 1, 29 U.S.C.A. § 411 et seq., constituting the 'Bill of Rights of members of Unions', which expressly sets forth the various rights of Union members protected by that Title of that Act from violation, as to which the Union member may sue his Union in this Court, as he attempts to do here. Plaintiff makes no claim that the other Titles in the Act have any bearing on his present suit. It is quite clear from a reading of Title 1 that its intent was to protect a Union member from the violation of his rights as against the Union only, and only as specified in Title 1."

This Court is of the opinion that the clear import of § 101(a) (1) is to guarantee to Union members certain rights specifically set forth therein and that Congress did not intend this section to be a "catch-all" provision for dissatisfied Union members.

Turning to the facts alleged in the present complaint, this Court is of the opinion that none of the three alleged wrongful acts constitutes a deprivation of any right specifically set out in § 101(a) (1) and that even if a violation of any such right were alleged, the complaint fails to allege a deprivation of the "equal rights" of any of the plaintiffs.

In view of this conclusion, the Court deems it unnecessary to decide whether exhaustion of internal remedies must be alleged by the plaintiffs pursuant to § 101(a) (4) of the Act, 29 U.S.C.A. § 411(a) (4), or whether failure to exhaust such remedies constitutes a defense to be pleaded and proved by the defendant.

Pursuant to the above, defendant's motion to dismiss must be granted.

An appropriate order may be submitted.