380 F.2d 795
 Herbert O. SCHUCHARDT, Appellant,
v.
(1) MILLWRIGHTS & MACHINERY ERECTORS LOCAL UNION NO. 2834,
(2) Carpenters District Council of Denver and Vicinity,
(3) Carpenters District Council of Southern Colorado,
Colorado Springs, Colorado,
(4) Cecil R. McGinnes, as president and an officer of Appellee (1),
(5) R. M. Moore, as business agent and financial secretary,
and an officer of Appellee (1),
(6) Abner Schulz, as chairman of the Executive Committee,
and an officer of Appellee (2),
(7) L. A. Ader, as president, and an officer of Appellee (3),
(8) Maurice A. Hutcheson, as General President of the United
Brotherhood of Carpenters & Joiners of America, Appellees.
 No. 9004.
 United States Court of Appeals Tenth Circuit.
 July 5, 1967.
 
 Donald D. Keim, Denver, Colo., for appellant.
 Howard E. Erickson, Denver, Colo. (Bromley & Myers and Williams, Erickson, Brown & Wallace, Denver, Colo., were on the brief), for appellees.
 Before PHILLIPS, LEWIS and HILL, Circuit Judges.
 DAVID T. LEWIS, Circuit Judge.
 
 
 1
 By complaint filed July 9, 1965, in the District Court for the District of Colorado, plaintiff-appellant sought injunctive and other relief against the defendant unions and others under the provisions of the Labor Management Reporting and Disclosure Act of 1959, particularly section 101(a)(5), 29 U.S.C. 411(a)(5). The complaint, filed pro se by plaintiff, set out five claims, four of which were concerned with the alleged unlawful organization and operation of the defendant Union by and through certain officers and members. The remaining claim asserted that plaintiff had been unlawfully and wrongfully expelled from membership in the Union in violation of the provisions of the cited Act. After formal response by the defendants, the filing of affidavits, and the taking of testimony at two hearings upon plaintiff's claim to injunctive relief pendente lite, the district court dismissed plaintiff's complaint and action for lack of jurisdiction except as to his claim for wrongful expulsion from the Union. By order dated May 10, 1966, the court granted summary judgment in favor of defendants upon this remaining claim, holding that the matter had become moot. This appeal followed and is limited in its appellate consideration, both by brief and argument, to a review of the trial court's order granting summary judgment. The parties agree that the facts premising such judgment are not in dispute.
 
 
 2
 During the fall of 1964, intra-union charges were ladged against appellant which consummated in January 1965 with an order of expulsion. Pursuant to section 57 to the Constitution and Laws of the United Brotherhood, appellant appealed the local union action to the General President and such appeal was accepted. Section 57 of the Brotherhood constitution provides in pertinent part:
 
 
 3
 'Section 57. A member who has been expelled, suspended or fined may appeal to the General President subject to a further appeal to the General Executive Board, and a final appeal to the General Convention. * * * The penalty imposed by a Local Union or District Council shall not be effective while an appeal to the General President is pending, * * *.'
 
 
 4
 Appellant paid his union dues through January 1965, but thereafter refused to do so. On November 1, 1965, he was expelled for non-payment of dues under routine union procedures providing for such action after six months of delinquency.[1] Against this factual background the trial court granted summary judgment, holding in effect that the question of the validity of the Union's original order of expulsion had become moot because of appellant's voluntary refusal to pay dues and his subsequent loss of standing within the Union at the time of trial in May 1966.
 
 
 5
 Appellant correctly contends that his judicial remedy ripened after he had pursued his union hearing procedures for a period exceeding for months,29 U.S.C. 411(a)(4), and that he was a member of the Union at the time he filed his complaint in July 1965. His further contentions that, by operation of law, his expulsion from hte Union was thus finalized subject only to judicial consideration and relief and that, also by operation of law, he owed no further obligation to the Union to pay dues, we consider to incorrectly interpret both the intent and content of the Disclosure Act.
 
 
 6
 The basic purpose of the 'bill of rights' contained in Subchapter II is to assure to union members a basically democratic union organization with the concomitant protections against arbitrary and depotic control by union leaders. Salzhandler v. Caputo, 2 Cir., 316 F.2d 445; Green v. Local 705, Hotel and Restaurant Employees' and Bartenders' Int. Union, E.D.Mich., 220 F.Supp. 505. But the Act does not purport to project absolute judicial control into the internal management of unionism and specifically provides that nothing in Subchapter II shall limit the rights of a member of a labor organization as contained in the constitution of the labor organization. 29 U.S.C. 413. See generally American Federation of Musicians v. Wittstein, 379 U.S. 171, 85 S.Ct. 300, 13 L.Ed.2d 214; Gurton v. Arons, 2 Cir., 339 F.2d 371. In the case at bar, section 57 of the Union constitution specifically protected appellant against the effectiveness of the order of expulsion of the Local pending the appeal to the General President. He remained a member of the Union, was entitled to all the rights and owed all the obligations of union membership. The filing of appellant's judicial action did not and, under the wording of section 413, could not deny to him his continued right to have the order of the Local remain ineffective to accomplish expulsion. Nor did the filing of the action relieve appellant of his obligation to pay dues to remain in good standing. Authorities cited by appellant to the effect that continued payment of dues would be a useless thing are all premised against factual situations when a tender of dues was refused. Such is not this case. Here, the Union not only indicated a willingness to accept dues but actually encouraged appellant to pay dues in order to protect his own interests. Appellant's deliberate refusal to pay dues and his subsequent expulsion therefor, did, in effect, constitute a voluntary surrender of his union membership. It follows that the trial court correctly held that appellant had no further right to press his original claim and that the issue of the Local's original actions had been rendered moot.
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 On July 23, 1965, before the six-month period had elapsed and during the course of a hearing in the district court, appellant tendered his bank dues and the Union accepted the offer. Appellant then formally withdrew the tender