MANGUS, APPELLANT, v. A.C.E.-FREIGHT, INC., ET AL., APPELLEES.

(No. 5675—Decided May 4, 1966.)

88

Mr. *Louis A. Dirker* and Mr. *Sundae Yomboro,* for appellant.

Mr. *Ralph J. Dalessio,* for appellee A.C.E.-Freight, Inc.

Mr. *Bruce B. Laybourne,* for appellee Union.

HUNSICKER, J. An appeal on questions of law has been lodged in this court by Jack E. Mangus from a judgment dismissing a second-amended petition he had filed in the Common Pleas Court of Summit County, against his former employer, A.C.E.-Freight, Inc. (herein called "A.C.E."), and his union, Freight Drivers, Dockworkers and Helpers, Local Union No. 24 (herein called "appellee union").

The second-amended petition as filed by Jack E. Mangus seeks money damages for an alleged conspiracy by A.C.E. and the appellee union "to deprive him of his rights, remedies, and benefits provided by" the agreement between the appellee union and A.C.E. It is alleged further that, because of the refusal of the union to process his grievance against A.C.E., and the act of A.C.E. in terminating his employment, he has been unable to obtain employment. Mr. Mangus claims also that each of the defendants (A.C.E. and the union) has contacted other companies in the trucking industry and requested them not to employ him.

The defendants asserted, and the trial court agreed with such assertion, that the state courts have no jurisdiction to entertain the action since such matters have been pre-empted as a result of the National Labor Management Relations Act, specifically Title III, Section 301(a) of that Act; Section 158(a), Title 29, U. S. Code.

It is not necessary, in this memorandum, to set out various provisions of the National Labor Management Relations Act which may bear on the problem before us. At the outset of our study of this case, we are met by the usual number of conflicting views announced by the United State Supreme Court. Some of the cases, when analyzed in the light of the petition in the instant case, provide the conclusion which we believe to be the present prevailing view of the federal courts.

In the case of *International Association of Machinists* v. *Gonzales,* 356 U. S. 617, 2 L. Ed. 2d 1018, 78 S. Ct. 923, a member of a labor union was ordered reinstated, and awarded damages

89

for lost wages and physical and mental suffering, as a result of an action filed in the state courts of California. The jurisdiction of the state courts was upheld by the United States Supreme Court on the theory that the petition in that case sought the equitable remedy of reinstatement to union status. Such a remedy was not available in the federal law and, consequently, a complete "filling out" of the remedy by way of damages could be afforded such a petitioner.

In the case of *Local 100 of the United Association of Journeymen & Apprentices* v. *Borden,* 373 U. S. 690, 10 L. Ed. 2d 638, 83 S. Ct. 1423, Borden, a member of a Louisiana local union, attempted to secure a job on a particular project with a construction company in Dallas, Texas. Hiring was done through a union referral, or union hall, process. The union accepted Borden's credentials, and knew of the wish of the project foreman to have Borden work on the project; nevertheless, the union officers refused to refer him for work. Borden sued in the state courts for damages for the failure of the union to refer him to the company. The award made to Borden in the state courts was set aside by the United States Supreme Court, which said, at page 698 of 373 U. S.:

"Nor do we regard it as significant that Borden's complaint against the union sounded in contract as well as in tort. It is not the label affixed to the cause of action under state law that controls the determination of the relationship between state and federal jurisdiction. Rather, as stated in *Garmon, supra* [359 U. S.], at 236,

" '[o]ur concern is with delimiting *areas of conduct* which must be free from state regulation if national policy is to be left unhampered.' (Emphasis added.)

"In the present case the *conduct* on which the suit is centered, whether described in terms of tort or contract, is conduct whose lawfulness could initially be judged only by the federal agency vested with exclusive primary jurisdiction to apply federal standards."

To confuse the issue still further, an earlier case, *Smith* v. *Evening News Association,* 371 U. S. 195, 9 L. Ed. 2d 246, 83 S. Ct. 267, determined that an action for damages for a breach of a union contract brought by an employee member of the union against the contracting employer could be maintained in a state court; the court saying, at page 197:

"* * * we likewise reject that doctrine here where the alleged conduct of the employer, not only arguably, but concededly, is an unfair labor practice within the jurisdiction of the National Labor Relations Board. The authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by Section 301, but it is not exclusive and does not destroy the jurisdiction of the courts in suits under Section 301. If, as respondent strongly urges, there are situations in which serious problems will arise from both the courts and the Board having jurisdiction over acts which amount to an unfair labor practice, we shall face those cases when they arise. * * *"

Thus we have in these three illustrations the views of that court which determine the policy of the law which this court must follow; however, in none of those cases is the specific problem which we have in the instant case discussed or passed upon.

Counsel for the appellee union cite a recent case of the Federal District Court of the District of Kansas, *Mendecki* v. *International Union, U. A. W.*, 61 L. R. R. M. 2142, wherein that court sustained a motion to dismiss an action brought in that court by a discharged employee-union member against the union for failure to properly process a grievance. That court determined that such complaint was properly cognizable only before the National Labor Relations Board.

State court exclusion of cases, such as we have before us, has been upheld, with the approval of the *Borden case,* in the case of *Local No. 207, International Association of Bridge, Structural and Ornamental Iron Workers Union* v. *Perko*, 373 U. S. 701, 10 L. Ed. 2d 646, 83 S. Ct. 1429.

It is our conclusion that, where an action by a union member against his union, and his employer, is an action at law for damages arising out of a claimed unlawful discharge only, and such law action can arguably involve an unfair labor practice over which the National Labor Relations Board would have exclusive jurisdiction, the state court is without authority to proceed to determine the controversy.

The judgment rendered herein must be affirmed.

*Judgment affirmed.*

Doyle, P. J., and Brenneman, J., concur.