**C. E. STITES, Appellant,**

v.

**LOCAL 367, Mel Evans, J. B. Foley and Mrs. M. A. Learned, Appellees.**

**No. 736.**

Supreme Court of Alaska.

July 17, 1967.

---

10. Statute quoted note 1 supra.

1. (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, p. 87 (June 1966).

2. (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, p. 87–88 (June 1966).

**154**

Helen L. Simpson, Anchorage, for appellant.

Harold J. Butcher and Harland W. Davis of Butcher, Biss & Davis, Anchorage, for appellees.

1. See Hill v. Moe, 367 P.2d 739, 740 (Alaska 1961).

2. 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant was a member of the plumbers union, Local 367. On the union's employment priority listings appellant was assigned to List A, which afforded him the right to prior employment over members assigned to Lists B and C. In this action appellant alleged that in violation of his right to priority in employment he was not referred to employment to which he was entitled, whereas members on Lists B and C were so referred. As a result, appellant contends, he suffered a loss of $45,000 in wages during the years 1961, 1962 and 1963. He sought that amount in this action as compensatory damages, together with $50,000 in punitive damages.

Appellant's complaint was dismissed for lack of jurisdiction, and he brought this appeal. The question presented is whether state jurisdiction over this dispute between appellant and appellees has been pre-empted by federal law which vests in the National Labor Relations Board exclusive jurisdiction over labor relation matters affecting interstate commerce.[1]

In speaking of its decision in San Diego Bldg. Trades Council, etc. v. Garmon,[2] the United States Supreme Court, in Local 100, of United Ass'n of Journeymen, etc. v. Borden,[3] said:

> This Court held in San Diego Building Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, that in the absence of an overriding state interest such as that involved in the maintenance of domestic peace, state courts must defer to the exclusive competence of the National Labor Relations Board in cases in which the activity that is the subject matter of the litigation is arguably subject to the protections of

3. 373 U.S. 690, 693–694, 83 S.Ct. 1423, 1425, 10 L.Ed.2d 638, 641 (1963).

§ 7 or the prohibitions of § 8 of the National Labor Relations Act. This relinquishment of state jurisdiction, the Court stated, is essential 'if the danger of state interference with national policy is to be averted,' 359 U.S., at 245, 79 S.Ct. at 780, and is as necessary in a suit for damages as in a suit seeking equitable relief. Thus the first inquiry, in any case in which a claim of federal preemption is raised, must be whether the conduct called into question may reasonably be asserted to be subject to Labor Board cognizance. [Footnote omitted.]

■ Here appellant contends that no such assertion can be made.[4] We disagree. Section 7 of the National Labor Relations Act[5] grants to employees the right to self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and "to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection * * *."[6] It is arguable that the union's alleged conduct in failing or refusing to adhere to the employment priority listings so far as appellant was concerned was in violation of Section 8(b) (1) (A) of the Act[7] by restraining appellant in the exercise of a right guaranteed in Section 7, that is, the right to participate in a hiring hall arrangement which could have resulted from a concerted activity engaged in by union employees for their mutual aid and protection. As the United States Supreme Court said in the *Borden* case "[t]he problems inherent in the opera-

tion of union hiring halls are difficult and complex * * * and point up the importance of limiting initial competence to adjudicate such matters to a single expert federal agency."[8]

In holding as we do that the alleged union actions concerning appellant's employment opportunities or relations may reasonably be subject to the National Labor Relations Board cognizance, we do not consider whether appellant's rights under the hiring hall arrangements in this case were federally protected on the theory we have suggested, or on some other basis. All that we hold is that it is reasonably arguable that the matter comes within the jurisdiction of the Board, and therefore that the state courts must yield jurisdiction and leave the alleged conduct of the union to be judged by the only federal agency vested with exclusive primary jurisdiction to apply federal standards.[9]

Relying on the United States Supreme Court's decision in International Ass'n of Machinists v. Gonzales,[10] appellant argues that the facts here relate to purely internal union matters, and therefore that the state's jurisdiction is not preempted by federal law.

*Gonzales* involved a suit against a labor union by an individual who claimed that he had been expelled from the union in violation of his contractual rights. He sought restoration of membership and also consequential damages flowing from the expulsion, including loss of wages resulting from loss of employment. It was recognized that a restoration of union membership was a remedy that the National Labor

4. Appellant does not challenge the existence of the requisite effect on commerce to bring the matter within the scope of the Board's jurisdiction. See Hill v. Moe, supra note 1.

5. 49 Stat. 452 (1935), as amended, 29 U.S.C. § 157 (1965).

6. Id.

7. Section 8(b) of the National Labor Relations Act, 49 Stat. 452 (1935), 29 U.S.C. § 158(b) (1965) provides that it shall be an unfair labor practice for a labor organization or its agents "(1) to

restrain or coerce (A) employees in the exercise of their rights guaranteed in section 157 [section 7 of the NLRA] * * *."

8. Local 100 of United Ass'n of Journeymen, etc. v. Borden, supra note 3, 373 U.S. at 695–696, 83 S.Ct. at 1426, 10 L. Ed.2d at 642.

9. Id. at 696, 83 S.Ct. at 1427, 10 L.Ed.2d at 642–643.

10. 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958).

Relations Board could not afford and that the internal affairs of unions were not in themselves a matter within the Board's competence. The Court stated:

But the protection of union members in their rights as members from arbitrary conduct by unions and union officers has not been undertaken by federal law, and indeed the assertion of any such power has been expressly denied. The proviso to § 8(b) (1) of the Act states that 'this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein * * *.' [11]

In speaking of the *Gonzales* decision in *Borden,* the Court said:

The Gonzales decision, it is evident, turned on the Court's conclusion that the lawsuit was focused on purely internal union matters, i. e., on relations between the individual plaintiff and the union not having to do directly with matters of employment, and that the principal relief sought was restoration of union membership rights. In this posture, collateral relief in the form of consequential damages for loss of employment was not to be denied.[12]

We believe that the facts of this case do not come within the *Gonzales* rationale. This suit is not focused on purely internal union matters not having to do with matters of employment as in *Gonzales,* but on the contrary it is focused principally if not entirely on the union's actions with respect to appellant's efforts to obtain employment.

As in *Borden,* the crux of this action concerns appellant's employment relations and, as we have held, involves conduct arguably subject to the Board's jurisdiction.[13] *Gonzales* is distinguishable and is not controlling.

Appellant's complaint stated that the appellees Foley and Learned were joined as defendants both personally and as representatives of the union.[14] Appellant argues that by suing those appellees personally, they are not being charged with an unfair labor practice proscribed by Section 8 of the National Labor Relations Act, but instead with a common law tort over which the Board has no jurisdiction but over which the court below did have jurisdiction.

■■■ Board jurisdiction is not precluded by the mere fact that the complaint alleges that the union agents are also being sued individually. Such an allegation does not change the fact that appellees were agents of the union at the times referred to in the complaint. Their alleged conduct in not referring appellant for employment according to hiring hall rules and practice, whether done as individuals or as union agents, was the kind of conduct that was arguably subject to Sections 7 and 8 of the Act—the kind of conduct that "must be free from state regulation if national policy is to be left unhampered." [15] It is conduct "whose lawfulness could initially be judged only by the federal agency vested with exclusive primary jurisdiction to apply federal standards." [16] The exclusive jurisdiction of the National Labor Relations Board may not be circumvented by an al-

11. Id. at 620, 78 S.Ct. at 925, 2 L.Ed.2d at 1021.

12. Local 100 of United Ass'n of Journeymen, etc. v. Borden, 373 U.S. 690, 697, 83 S.Ct. 1423, 1427, 10 L.Ed.2d 638, 643 (1963).

13. See also Local No. 207, Intern. Ass'n of Bridge, Structural and Ornamental Iron Workers Union v. Perko, 373 U.S. 701, 705, 83 S.Ct. 1429, 1431, 10 L.Ed. 2d 646, 649 (1963).

14. It was alleged in the complaint that during the period to which the complaint referred Foley was business agent of the union and Learned was secretary to the business agent.

15. San Diego Bldg. Trades Council, etc. v. Garmon, 359 U.S. 236, 246–247, 79 S.Ct. 773, 780, 3 L.Ed.2d 775, 784 (1959).

16. Local 100 of United Ass'n of Journeymen, etc. v. Borden, supra note 12, 373 U.S. at 698, 83 S.Ct. at 1428, 10 L.Ed. 2d at 644.

legation in a complaint in a state court that activities of union agents of the kind arguably subject to Board jurisdiction were engaged in by such agents in their capacities as individuals, rather than as agents of the union.

The judgment is affirmed.

RABINOWITZ, Justice (dissenting).

Since the discriminatory activities on appellee union's part for which appellant seeks redress allegedly occurred during the period from 1961 through 1963, appellant is remediless if exclusive jurisdiction over the subject matter of appellant's complaint is determined to be vested in the National Labor Relations Board.[1] I am fully cognizant of the fact that this possibility is, in and of itself, not a sufficient basis upon which to distinguish, or to avoid the impact of, established pre-emption principles. Yet, there are two significant considerations in this appeal which, when considered with the foregoing possibility, have led me to differ with the majority's disposition.

Approximately three weeks after the case at bar had been argued to this court, the Supreme Court of the United States decided Vaca v. Sipes.[2] It is my belief that the decision in *Vaca* is of such importance to the correct resolution of this appeal that the parties should be given the opportunity of submitting supplementary briefs and further oral argument. The status of *Perko*,[3] *Borden*,[4] and *Gonzales*[5] and their applicability to the pleadings in this case, in light of the *Vaca* opinion, are questions deserving of adversary presentation.

In *Vaca*, an action was brought against a union, in a state court, alleging plaintiff was discharged from employment in violation of a collective bargaining contract between his employer and the union, and that the union had arbitrarily refused to take plaintiff's grievance to arbitration. In holding that jurisdiction of the state court was not pre-empted, the majority first emphasized that:

> It is now well established that, as the exclusive bargaining representative of the employees * * * the Union had a statutory duty fairly to represent all of those employees, both in its collective bargaining * * * and in its enforcement of the resulting collective bargaining agreement * * *.[6]

After finding that the primary justification for the pre-emption doctrine was not applicable to cases involving alleged breaches of a union's duty of fair representation,[7] the Supreme Court said:

> [W]e cannot assume * * * that Congress, when it enacted NLRA § 8(b) in

1. 29 U.S.C. § 160(b) (1964) provides in part:
   That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board * * *.

2. 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Justice White wrote for the majority. Justice Fortas, joined by the Chief Justice and Justice Harlan, concurred in the judgment of reversal but disagreed with the majority's conclusion that the National Labor Relations Board did not have exclusive jurisdiction. Justice Black dissented.

3. Local No. 207, Intern. Ass'n of Bridge, Structural and Ornamental Iron Workers Union v. Perko, 373 U.S. 701, 83 S. Ct. 1429, 10 L.Ed.2d 646 (1963).

4. Local 100 of United Ass'n of Journeymen, etc. v. Borden, 373 U.S. 690, 83 S. Ct. 1423, 10 L.Ed.2d 638 (1963).

5. Intern. Ass'n of Mach. v. Gonzales, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018 (1958).

6. Vaca v. Sipes, 386 U.S. 171, 176, 87 S. Ct. 903, 909, 17 L.Ed.2d 842, 850 (1967).

7. This portion of the opinion reads:
   A primary justification for the preemption doctrine—the need to avoid conflicting rules of substantive law in the labor relations area and the desirability of leaving the development of such rules to the administrative agency

1947, intended to oust the courts of their traditional jurisdiction to curb arbitrary conduct by the individual employee's statutory representative.

There are also some intensely practical considerations which foreclose pre-emption of judicial cognizance of fair representation duty suits, considerations which emerge from the intricate relationship between the duty of fair representation and the enforcement of collective bargaining contracts. For the fact is that the question of whether a union has breached its duty of fair representation will in many cases be a critical issue in a suit under LMRA § 301 charging an employer with a breach of contract. * * * Under this section, courts have jurisdiction over suits to enforce collective bargaining agreements even though the conduct of the employer which is challenged as a breach of contract is also arguably an unfair labor practice within the jurisdiction of the NLRB. Garmon and like cases have no application to § 301 suits. Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246.[8]

A further basis for my disagreement with the majority is the fact that it is possible to read appellant's complaint as stating a cause of action based upon the union's breach of the dispatch-priority provisions of the governing collective bargaining agreement.[9] Under section 301 of the Labor Management Relations Act, state courts are not divested of jurisdiction over the subject matter of such a cause of action even though arguably, or concededly, unfair labor practices were involved.[10] Although appellant's counsel did not make this argument to the superior court, or to this court, I believe that it would advance justice to permit counsel to brief this matter.

created by Congress for that purpose—is not applicable to cases involving alleged breaches of the union duty of fair representation. Id., 386 U.S. at 180, 87 S.Ct. at 912, 17 L.Ed.2d at 852.

8. 386 U.S. at 183, 87 S.Ct. at 913, 17 L.Ed.2d at 853–854.

9. In paragraph III of appellant's complaint, it is alleged in part:
   That during the years 1961, 1962 and 1963 plaintiff was duly registered for work as provided under the Constitution, By-Laws, *and collective bargaining agreement* for employment and was classified on List A which list enjoyed the right to prior employment * * *. That, however, in violation of plaintiff's right, he was not referred to employment for which he was entitled * * *. [emphasis added]
   Paragraph IV of appellant's complaint alleged:
   That at all times plaintiff has performed all the necessary requirements

under the Union's constitution, by-laws *and collective bargaining agreement* so that he was entitled to List A rights; in particular the opportunity to be referred for employment. [emphasis added]
   Note: Appellees' amended answer stated in part:
   The plaintiff, under the collective bargaining agreement between the Plumbing Contractors of Alaska, Inc. and Local 367 failed to exhaust his administrative remedies provided in said agreement.

10. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, 854 (1967); Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); Local 174, Teamsters, etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).