ETHRIDGE, Chief Justice:
This suit originated in the Chancery-Court for the First Judicial District of Hinds County. Mrs. Mary K. Dorris, appellant, sought damages against her employer, General Electric Company, for wrongful discharge from her job in violation of its collective bargaining agreement with the union; and also damages against Local Union No. 1435 of the International Brotherhood of Electrical Workers, AFL-CIO, appellee, for its refusal to process her discharge grievance to arbitration under the collective bargaining agreement that provided such arbitration only at the instance of the union or company. The chancery court sustained the union’s general demurrer to the bill of complaint, on the ground that exclusive jurisdiction of the subject matter is vested in the National Labor Relations Board. Complainant declined to plead further, so the bill was “dismissed with prejudice against the complainant.” We reverse and remand for a hearing on the merits.
The decree was final and appeal-able, even though General Electric Company did not join in the demurrer. The demurrer of one party defendant, the union, brought up the equity of the whole case, and the chancery court erroneously concluded that there was no cause of action as to any of the defendants and thus dismissed the suit. Griffith, Mississippi Chancery Practice § 305 (2d ed. 1950).
The bill charged that for about fifteen years Mrs. Dorris had been working as a production employee of General Electric in its Jackson plant, until she was discharged without just cause in breach of the collective bargaining agreement on May 18, 1965. On May 10, 1965, she was attacked, beaten and severely injured by Mary L. Atchison, another employee of General Electric, on the premises of the company. M. F. Hubbard was the manager of the Jackson plant, and R. R. Ridge-way, its community relations supervisor. After Dorris was attacked by Atchison, she was summarily and without just cause dismissed from her employment by Hubbard and Ridgeway. They wrongfully charged her with violating a company rule against fighting on the premises, knowing their charge to be untrue.
Attached to the bill was the contract between the company and the union, which contained a four-step grievance procedure providing for arbitration only at the instance of the union or company. The bill charged that Hubbard and Ridgeway, acting on behalf of General Electric, refused to process complainant’s grievance through the various steps of the grievance procedure and to arbitrate it, although requested so to do, and that they had wilfully breached the collective bargaining agreement.
As to the union and its officer, Oren Tucker, the bill charged that complainant requested Tucker and other union officers to protect her rights and to process her grievance through the various steps to and including arbitration, but that the union and Tucker arbitrarily and in bad faith refused to do so. The union, she averred, breached its duty of fair representation while acting as complainant’s collective bargaining agent, by acting arbitrarily and in bad faith with respect to the discharge.
The preemption rule of the Gar-mon case does not apply to this action. San Diego Building Trades Council etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, *898 3 L.Ed.2d 775 (1959). The union has a statutory duty fairly to represent all employees, both in collective bargaining with the employer and in enforcement of the resulting collective bargaining agreement. It is the exclusive agent of the employee, and the statutory authority to represent all members includes an obligation to serve the interest of all members without hostility or discrimination, to exercise it's discretion in good faith, and to avoid arbitrary conduct. Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964).
 Mrs. Dorris’ bill of complaint alleged a breach by the union of a duty grounded in the federal statutes, and federal law governs her cause of action. The preemption doctrine has never been rigidly applied in cases where it could not fairly be inferred that Congress intended exclusive jurisdiction to lie with the National Labor Relations Board. For example, section 303 of the Labor Management Relations Act permits anyone injured by a violation of section 8(b) (4) to recover damages in a federal court, even though such unfair labor practices are also remediable by the Board. 29 U.S.C. § 187 (1958). Section 301 of that act permits suits for breach of a collective bargaining agreement regardless of whether the particular breach is also an unfair labor practice within the jurisdiction of the Board. 29 U.S.C. § 185 (1958); Smith v. Evening News Ass’n., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Moreover, if an employee is discharged without cause, either the union or the employee may sue the employer under L.M.R.A. § 301. Courts have jurisdiction over suits to enforce collective bargaining agreements, even though the conduct of the employer, which is challenged as a breach of contract, is also arguably an unfair labor practice within the jurisdiction of the N.L.R.B. Smith v. Evening News Ass’n, supra.
These principles were stated comprehensively in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). However, Vaca v. Sipes also held that an employee whose union chose not to press his claim to arbitration cannot litigate the underlying contract claim in court unless he can show that the union acted in breach of its duty of fair representation. This duty is breached only when the union’s conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.
The allegations in the bill of complaint are sufficient to bring it within the Vaca rules. See Note, 77 Yale L.J. 559 (1968); Lewis, Fair Representation in Grievance Administration: Vaca v. Sipes, in Supreme Court Review 81 (1967). The decree of the chancery court is therefore reversed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.