**Nilo A. BAZARTE**

v.

**UNITED TRANSPORTATION UNION et al.**

**Civ. A. No. 39784.**

United States District Court
E. D. Pennsylvania.

Nov. 14, 1969.

Robert M. Abramson, Solo, Abrams, Bergman, Trommer & Padova, Philadelphia, Pa., for plaintiff.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for defendants.

### OPINION

WOOD, District Judge.

This is a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The plaintiff, a railroad fireman, instituted the action pursuant to § 301 of the Labor Management Relations Act against his labor union seeking damages against it on the ground that it breached its duty to fairly and properly represent him in the prosecution of a grievance. Mr. Bazarte's employment was terminated after hearing by the railroad for his alleged failure to remain on the job to work overtime and

for moonlighting. After trial from May 26 to 28, 1969, a jury found the defendant union liable and in accord with a prior stipulation of counsel we directed a verdict on damages in the amount of $6,872.56.

■ The defendant makes three arguments in attempting to upset the verdict. He first argues that we should enter judgment notwithstanding the verdict because there is no evidence in the record that the union breached its duty of fair representation in handling Mr. Bazarte's claim. To the contrary, as the plaintiff correctly contends, the jury could properly have concluded that the union breached its duty of fair representation because: his union representative failed to adequately and fully prepare a proper defense for the plaintiff at the railroad hearing; that the same representative failed to advise the plaintiff of the steps necessary to appeal his discharge to the officials in the department in which the plaintiff was employed; that the union representative failed to bring all the relevant facts to the attention of other officers of the union; that other members of the union breached the responsibility of their office by not becoming fully acquainted with all the revelant facts of plaintiff's case; that the union lulled the plaintiff into a false sense of euphoria by not advising him that they were ceasing their efforts on his behalf; and that the decision of the officers of the union not to fight for plaintiff's job was based on an irrelevant consideration, the question of plaintiff's dual employment, since he had not been charged with a violation of the company's rules in that regard nor found guilty of such a violation.

In the first instance we charged the jury substantially in accord with the defendant's requests over the objection of the plaintiff. We related verbatim to the jury excerpts from Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and left to them the question as we understand that case as to whether the action of the union was arbitrary, capricious, or discriminatory. It is obvious that this was a jury question and that they resolved the foregoing issue in favor of the plaintiff.

■ The defendant's second ground for requesting judgment notwithstanding the verdict is that the plaintiff's claim is by law [1] barred by his failure to exhaust his internal union remedies. They cite the dictate of this Circuit most recently enunciated in Brady v. Trans World Airlines, Inc., 3 Cir., 401 F.2d 87 at p. 104 (1968) that:

"It has been the general rule, and the rule of this circuit, that before a suit against a union for breach of its duty of fair representation may be brought in the courts, the member must first exhaust the available internal union remedies, or *show an adequate reason for failing to do so.* There is good reason for this rule which forestalls judicial interference with the internal affairs of a labor organization until it has had at *least some opportunity* to resolve disputes concerning its own legitimate affairs." (Emphasis ours.)

We cannot say that as a matter of law the plaintiff did not show adequate reason for failing to exhaust union remedies or that the union did not have at least some opportunity to resolve the dispute. To the contrary, the plaintiff alleged and his evidence tended to show that the union did indeed have some opportunity to resolve the dispute and that the union waived the requirement of Article 9 Section 16 and Article 13 Section 9 of its constitution when in response to the plaintiff's oral request to the chairman of the local grievance committee to handle his problem, the chairman gave him the impression that everything was taken care of and there was nothing for him to do. *Cf.* Gainey v. Brotherhood of Railway and Steamship Clerks, Etc., 313 F.2d 318 (3rd Cir. 1963).

■ Finally, the defendant contends that we erred in directing a verdict on

1. Cf. N.T. 154.

the issue of damages because of the holding of the Supreme Court in Vaca v. Sipes, 386 U.S. 171, 196, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) that liability for wrongful discharge and failure to represent in good faith must be apportioned between the employer and the union according to the damage caused by the fault of each. To the contrary, as the record reveals, defendant never seriously questioned the damages involved, and as the trial progressed there was a stipulation as to damages and it was determined with consent of counsel that once the issue of liability was determined if it were in favor of the plaintiff a verdict could be entered in his favor on the issue of damages. After the plaintiff had closed his case, the following colloquy took place (N.T. 71):

"The Court: Did you work out that question of the damages?

"Plaintiff's counsel: Yes, sir.

"The Court: Well, how do you think we had better handle it? I can either tell them that if they find one way they can determine the damages or I can let them determine liability and then tell them what the damages are, or you can stipulate to it.

"Defendant's counsel: I think the stipulation has already been signed, Your Honor, so that if the plaintiff recovers on liability the damages are agreed to.

"The Court: All right.

"Plaintiff's counsel: Yes, sir.

"Defendant's counsel: That would simplify matters."

At a later point in the trial (N.T. 156), while going over the jury charges, we stated as follows:

"Now, as to the damages, I am going to do just what I think you understood I would do. If this jury comes in in favor of the plaintiff I am going to ask them to render a further verdict in the sum of $6,872.56. If they come in in favor of the defendant, why, that question is moot."

No objection was expressed by either counsel. The next day counsel for the defendant stated to us that "In my further reading of the opinion in Vaca v. Sipes, the Court emphasized the fact that the damages, if there were any, should be paid partly by the employer and partly by the union, * * *." (N.T. 189) In our opinion, the defendant was simply raising this issue too late because he had already arrived at a binding stipulation with the plaintiff and with the Court that the damages were agreed to if the jury found in favor of the plaintiff on liability.

Accordingly, the defendant's motions must be denied.