[Civ. No. 11537. Fourth Dist., Div. Two. Oct. 13, 1971.]

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; EDWIN R. STANLEY, Real Party in Interest.

518

**COUNSEL**

Brundage, Neyhart, Miller, Ross & Reich and Julius Reich for Petitioners.

No appearance for Respondent.

Edmond Ralph Anderson, Jr., and Jay H. Evans for Real Party in Interest.

**OPINION**

**GABBERT, J.**—In his second amended complaint, real party in interest (Stanley) alleged the petitioners, labor unions, or the present or past officers or employees of the unions, were and are discriminating against him by intentionally and arbitrarily refusing to dispatch him from union hiring halls to places of employment. Petitioners' general demurrer to the complaint on the ground of lack of jurisdiction of the subject matter was overruled. ■ Petitioners now seek a writ of prohibition restraining the superior court from acting in excess of its jurisdiction.

For the reasons herein stated, we grant a peremptory writ of prohibition.

■ The issue is properly before us; a writ of prohibition may issue, to prevent the superior court from acting in excess of its jurisdiction. (*Musicians Union, Local No. 6* v. *Superior Court*, 69 Cal.2d 695 [73 Cal.Rptr. 201, 447 P.2d 313]; *Directors Guild of America, Inc.* v. *Superior Court*, 64 Cal.2d 42 [48 Cal.Rptr. 710, 409 P.2d 934].)

■ In *San Diego Building Trades Council* v. *Garmon*, 359 U.S. 236, 244 [3 L.Ed.2d 775, 782, 79 S.Ct. 773], the United States Supreme Court

held: "When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the states free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law." Thus where the activity which is the subject matter of the litigation is arguably subject to the protections of § 7 [29 U.S.C. § 157] or the prohibitions of § 8 [29 U.S.C. § 158] of the National Labor Relations Act, state courts must defer to the exclusive competence of the National Labor Relations Board.

That the conduct alleged by Stanley may reasonably be asserted to be subject to Labor Board cognizance is clear. In *Plumbers' Union* v. *Borden*, 373 U.S. 690 [10 L.Ed.2d 638, 83 S.Ct. 1423], the Supreme Court held where employees claim discriminatory treatment in being dispatched from a union hiring hall and a resulting inability to obtain arranged-for employment, their sole remedy lies with the National Labor Relations Board. The court held the state court did not have jurisdiction because the crux of the action concerned alleged interference with Borden's existing or prospective employment relations and was not directed to internal union matters. (See *Motor Coach Employees* v. *Lockridge*, 403 U.S. 274, 291-296 [29 L.Ed.2d 473, 486-488, 91 S.Ct. 1909].) Such interference with existing or prospective employment relations arguably violated § 8(b) (1) (A) [29 U.S.C. § 158(b) (1) (A) and § 8(b) (2) [29 U.S.C. § 158(b)(2)] of the National Labor Relations Act. The alleged discriminatory acts of petitioners in failing to dispatch Stanley to prospective employers in a like manner arguably violate the National Labor Relations Act.

*Borden* has been followed in factual situations similar or analogous to those alleged by Stanley, and National Labor Relations Board exclusive jurisdiction has been recognized, in both federal (*Barunica* v. *United Hatters, etc., Local Number 55*, 321 F.2d 764; *Green* v. *Local 705; Hotel and Restaurant Employees, etc.*, 220 F.Supp. 505) and state courts. (*Directors Guild of America, Inc.* v. *Superior Court, supra*, 64 Cal.2d 42; *Stites* v. *Local 367* (Alaska) 430 P.2d 153.) *Borden's* continued vitality has been recently acknowledged (*Motor Coach Employees* v. *Lockridge, supra*, 403 U.S. 274; *Tyree* v. *Edwards*, 287 F.Supp. 589, affd. *sub nom. Alaska* v. *International Union of Operating Engineers*, 393 U.S. 405 [21 L.Ed.2d 633, 89 S.Ct. 684].) Stanley contends, however, *Vaca* v. *Sipes*, 386 U.S. 171 [17 L.Ed.2d 842, 87 S.Ct. 903] permits state court jurisdiction of ac-

tions by union members against their unions whenever discriminatory treatment is alleged.

*Vaca* v. *Sipes, supra,* dealing with a factual situation "where it could not fairly be inferred that Congress intended exclusive jurisdiction to lie with the NLRB," held an action seeking damages for injury inflicted by a breach of a union's duty of fair representation during grievance procedures after discharge was cognizable by state courts.

Cases which Stanley cites as following *Vaca* and establishing the broad proposition that members may sue their unions in state courts without regard to pre-emption whenever discriminatory representation is shown, are unpersuasive and establish, on the contrary, that *Vaca* has been limited to cases where arbitrary or bad faith conduct amounting to unfair representation during grievance procedures after discharge is shown.[1]

In addition, the per curiam Supreme Court affirmance of *Tyree* v. *Edwards, supra,* 287 F.Supp. 589, precludes reliance on *Vaca* v. *Sipes, supra,* 386 U.S. 171 where, as here, the discriminatory conduct involved is the failure to dispatch from a union hiring hall. (Affd., *sub nom., Alaska* v. *International Union of Operating Engineers,* 393 U.S. 405 [21 L.Ed.2d 633, 89 S.Ct. 684].) In *Tyree,* a three-judge district court held an Alaska statute which regulated a union's hiring hall was pre-empted by federal legislation. Apart from the state statute issue, the court also held a superior court injunction which prohibited the discriminatory dispatching of union members from a hiring hall intruded into the exclusive jurisdiction of the National Labor Relations Board. The court noted: "In *Vaca,* the Court was concerned with discriminatory cases 'where it could not fairly be inferred that Congress intended exclusive jurisdiction to lie with the NLRB [Fn. omitted].' Clearly, the Court did not intend that state courts were henceforth to have concurrent jurisdiction with the National Labor Relations Board of all unfair labor practice proceedings in which discriminatory conduct is alleged. [Fn. omitted]." (287 F.Supp. 589, 595.)

Stanley's citations to *Mangus* v. *A.C.E.-Freight, Inc.,* 386 U.S. 482 [18 L.Ed.2d 226, 87 S.Ct. 1176] (vacating *Mangus* v. *A.C.E.-Freight, Inc.,* 6 Ohio App.2d 87 [35 Ohio Ops.2d 184, 216 N.E.2d 639]) and *Phalen* v.

---

[1]See, e.g., *Gutierrez* v. *Gaffers and Sattler Corp.,* 4 Cal.App.3d 731 [84 Cal.Rptr. 571]; *St. Clair* v. *Local U. No. 515 of Int. Bro. of Teamsters, etc.,* 422 F.2d 128; *Bazarte* v. *United Transportation Union,* 305 F.Supp. 443; *Sokolowski* v. *Swift and Co.,* 286 F.Supp. 775; *Horkstrom* v. *Stonefort Coal Mining Co.,* 106 Ill.App.2d 376 [246 N.E.2d 128]; *Dorris* v. *Local Union No. 1435* (Miss.) 218 So.2d 896.

*Theatrical Protective Union No. 1,* 22 N.Y.2d 34 [290 N.Y.S.2d 881, 238 N.E.2d 295, 33 A.L.R.3d 1292], cert. den. 393 U.S. 1000 [21 L.Ed.2d 465, 89 S.Ct. 486] as establishing a contrary rule are equally unpersuasive. *Mangus* involved, in part, a claim of an arbitrary refusal to process a grievance after discharge—the precise factual situation of *Vaca* and thus subject to the rule therein. *Phalen* was an action seeking petitioners' admission into a union which allegedly had succeeded in having them dismissed from their positions. Although the conduct of the union arguably violated § 8(b)(2) [29 U.S.C. § 158(b)(2)], the New York Court of Appeals sustained state jurisdiction. The attempt of the *Phalen* court to extend *Vaca* v. *Sipes, supra,* 386 U.S. 171 is inconsistent with *Tyree* v. *Edwards, supra,* 287 F.Supp. 589 and with *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274; *Lockridge,* specifically notes a state is pre-empted from assuming jurisdiction where the action concerns interference with plaintiff's existing employment.

However much we may sympathize with Stanley's fear, expressed in the complaint, that his allegations will pass unheeded and unheard by the National Labor Relations Board (see *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274 at pp. 302 (Douglas, J., dissenting) and 309 (White, J., dissenting) [29 L.Ed.2d 473 at pp. 492, 496]); *Plumbers' Union* v. *Borden, supra,* 373 U.S. 690 precludes state court jurisdiction under the circumstances here present. (*Accord: Stites* v. *Local 367, supra* (Alaska) 430 P.2d 153.)

Let a peremptory writ of prohibition issue restraining respondent court from proceeding to trial in the action entitled Edwin R. Stanley v. John W. Filipoff, et al., No. 170,101, in the Superior Court of the State of California in and for the County of Orange.

Kaufman, Acting P. J., and Kerrigan, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied December 9, 1971.