[Civ. No. 42801. Second Dist., Div. One. July 22, 1974.]

ALFRED P. MAGALLANES et al., Plaintiffs and Appellants, v.
LOCAL 300, LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA et al., Defendants and Respondents.

**COUNSEL**

Finkel & Herring and Neil M. Herring for Plaintiffs and Appellants.

Richman & Garrett, Ivan J. Potts, Walter C. Appling and Lionel Richman for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—In this appeal from a judgment of dismissal after a demurrer was sustained to appellants' complaint without leave to amend, we consider the issue of state court subject matter jurisdiction to enforce the rights of a union member against his union created by a contract negotiated by the union on his behalf with an employer and created by a union's "duty of fair representation." We conclude that the facts alleged in the complaint at bench state causes of action cognizable in the state courts and accordingly reverse the judgment.

The complaint alleges the following facts which we accept as true for the purpose of this proceeding. Appellants are members of Local 300, Laborers' International Union of North America (Union). Union entered into a collective bargaining agreement with construction contractors denominated "Laborers' Short-Form Agreement, Eleven Southern Counties of California, 1970-1974" (Agreement). Article II, section D of the Agreement is entitled "Referral Procedure." Describing the manner in which workers are to be dispatched to jobs, article II requires the contractor parties to the Agreement to call the Union's hiring hall serving the geographic area of the hiring contractor's project. In response to the call, the hiring hall is required to dispatch workers for the project "strictly in accordance with the provisions of [the] Agreement." The Agreement states that then skilled applicants who have registered their names on employment lists "shall be referred on a first-in, first-out basis; . . . the first man registered

in that group shall be the first man referred." The only exception to "first-in, first-out" referral to work deals with employees laid off by the contractor within the preceding 270 days and is not here applicable. Subsection 7 of section D of the Agreement states: ". . . The selection of applicants for dispatchment to jobs shall be on a nondiscriminatory basis and shall not be based on, or in any way affected by Union membership, by-laws, rules, regulations, constitutional provisions, or any other aspect or obligation of Union membership, policies or requirements."

Appellants were internal political opponents of the incumbent administration of Union. Because of that opposition, Union discriminated against appellant and other members similarly situated by repeatedly and arbitrarily refusing to dispatch them for employment in violation of article II, section D of the Agreement. As a result, on July 27, 1972, appellant Magallanes filed a charge with the National Labor Relations Board alleging that Union had caused or attempted to cause employer discrimination against employees in violation of section 8(a)(3) of the National Labor Relations Act. (29 U.S.C. § 158(a)(3).) While the matter was before the National Labor Relations Board, appellants, suing for themselves and the class of others similarly situated, commenced the action which is the case at bench.[1] They asserted that the superior court had jurisdiction of the matter by reason of section 301 of the National Labor Relations Act (29 U.S.C. § 185). Appellants named Union as a defendant and joined Manuel Renteria and Carlos Enriquez in their capacities as officer, agent, and employee of Union. The complaint is framed in two counts: the first alleging the breach of the collective bargaining agreement and the second alleging malicious, oppressive, and fraudulent breach of a duty of fair representation owed by Union to all members of the collective bargaining group. The latter cause of action includes allegations that the discrimination in dispatching for jobs practiced by Union against named appellants and others similarly situated was for the purpose of silencing appellants' political opposition to policies of the incumbent management of Union and for the purpose of favoring other members of Union who politically or financially supported that management. Damages are alleged as proximately caused by the conduct of Union and other named defendants.

Respondents, the defendants named in the complaint, demurred to it,

---

[1]Respondents have requested us to take judicial notice of action by the board taken while this appeal was pending. Since that matter was not before the trial court, we do not consider it on this appeal. Respondents may assert it for what it is worth after remand.

contending that: (1) exclusive jurisdiction of the controversy is vested in the National Labor Relations Board to the exclusion of the state courts because the activity which is the subject matter of the dispute is "arguably subject to the protections . . . of the National Labor Relations Act"; (2) the action is not properly maintainable as a class action; and (3) no cause of action is stated against the individual defendants. The trial court sustained the demurrer solely on the ground that it lacked jurisdiction of the subject matter. ■ We conclude that the complaint states a cause of action within state court jurisdiction, that class maintainability is not here reachable on demurrer, and that as to the individual defendants, the complaint fails to state a cause of action but that leave to amend should be granted.

*Subject Matter Jurisdiction.* "The statutory implications concerning what [jurisdiction] has been taken from the States [by the National Labor Relations Act] and what has been left to them are of a Delphic nature, to be translated into concreteness by the process of litigating elucidation." (*Machinists* v. *Gonzales,* 356 U.S. 617, 619 [2 L.Ed.2d 1018, 1021, 78 S.Ct. 923].) In the oracular process of elucidation, the United States Supreme Court has successively adopted and abandoned a number of tests of federal preemption of subject matter jurisdiction of disputes in the area involving management, unions, and working people. At first, the high court focused on consistency of state court remedies with the provisions of the federal act as the touchstone of state jurisdiction. (*Auto. Workers* v. *Wis. Board,* 336 U.S. 245 [93 L.Ed. 651, 69 S.Ct. 516].) Discarding that approach, the United States Supreme Court suggested that state court jurisdiction depended upon the state supplying a remedy not available in the federal scheme. (*Weber* v. *Anheuser-Busch, Inc.,* 348 U.S. 468 [99 L.Ed. 546, 75 S.Ct. 480].) Subsequently, the high tribunal suggested that states had subject matter jurisdiction of labor related disputes whenever general common law was applied. (*Automobile Workers* v. *Russell,* 356 U.S. 634 [2 L.Ed.2d 1030, 78 S.Ct. 932].)

In *San Diego Unions* v. *Garmon,* 359 U.S. 236 [3 L.Ed.2d 775, 79 S.Ct. 773], the Supreme Court adopted still a new, and more encompassing view of federal preemption of the field. In *Garmon,* the court dealt with an action filed by an employer in the California court seeking damages from a union for picketing to compel the execution of a collective bargaining agreement where the employer's employees had not indicated membership in the union. In holding that the state court lacked jurisdiction to proceed because subject matter jurisdiction was preempted by the federal law, the United States high court said: "When it is clear or may fairly be

assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act [29 U.S.C. § 157, establishing the right of employees to organize and bargain collectively], or constitute an unfair labor practice under § 8 [of the National Labor Relations Act, 29 U.S.C. § 158, proscribing various forms of employment discrimination], due regard for the federal enactment requires that state jurisdiction must yield." When it is not clear whether the activities are governed by section 7 or section 8, such initial determination must be made by the National Labor Relations Board. (*San Diego Unions* v. *Garmon, supra,* 359 U.S. 236, 244-245 [3 L.Ed.2d 775, 782-783].)

The broad sweep of the *Garmon* rule is subject to two classes of exception, one developed in decisional law and the other from judicial construction of section 301(a) of the National Labor Relations Act (29 U.S.C. § 185(a)).

Where a dispute focuses solely upon internal union affairs and does not have a direct and immediate effect upon an employee's present or future employment status, the litigation is deemed of merely peripheral concern to the National Labor Relations Act and hence cognizable in the state courts despite the potential incidental applicability of the federal act. (*Machinists* v. *Gonzales,* 356 U.S. 617 [2 L.Ed.2d 1018, 78 S.Ct. 923], confirmed in *Motor Coach Employees* v. *Lockridge,* 403 U.S. 274, 295 [29 L.Ed.2d 473, 487-488, 91 S.Ct. 1909]; *NLRB* v. *Boeing Co.,* 412 U.S. 67, 75-76 [36 L.Ed.2d 752, 758-759, 93 S.Ct. 1952].) Where, however, the dispute involving internal union affairs also has a direct and immediate effect upon present or future employment, it is "arguable" that the conduct violates section 8(b)(2) of the National Labor Relations Act so that the *Garmon* rule applies. (*Plumbers' Union* v. *Borden,* 373 U.S. 690, 697 [10 L.Ed.2d 638, 643, 83 S.Ct. 1423].) In the first category of cases, unfair discrimination in employment is deemed merely incidental so that the National Labor Relations Act is not sufficiently involved to preempt state court jurisdiction. In the second category, the involvement with federal law preempts the field.

In addition to the decisional law exception to the *Garmon* rule permitting state court jurisdiction in a limited class of disputes involving solely the internal affairs of a union, section 301 of the National Labor Relations Act (29 U.S.C. § 185)[2] is construed to permit an action by an employee

---

[2]"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of all the parties . . . ."

in the state court to enforce his rights under a collective bargaining agreement. The issue was addressed squarely by the United States Supreme Court in *Smith* v. *Evening News Assn.,* 371 U.S. 195 [9 L.Ed.2d 246, 83 S.Ct. 267]. There an employee-union member was locked out as a result of a strike by members of another union although nonunion members were retained on the job. He sued his employer in a Michigan court claiming breach of a provision in a collective bargaining agreement that "there shall be no discrimination against any employee because of his membership in the Guild." Refusing to apply the *Garmon* rule despite a contention that the claim, if true, would "make out an unfair labor practice under the National Labor Relations Act," the United States Supreme Court said: "The authority of the Board to deal with an unfair labor practice which also violates a collective bargaining contract is not displaced by § 301, but it is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301." (*Smith* v. *Evening News Assn., supra,* 371 U.S. 195, 197 [9 L.Ed. 2d 246, 249].) The court stated expressly, in addition, that an individual employee might call upon the court to exercise its jurisdiction to vindicate his rights under a collective bargaining agreement (371 U.S. at pp. 199-200 [9 L.Ed.2d at pp. 250-251]), and approved state court jurisdiction by upholding the judgment of the Michigan court. (See also *Arnold* v. *Carpenters District Council,* 417 U.S. 12 [40 L.Ed.2d 620, 94 S.Ct. 2069]; *McCarroll* v. *L. A. County etc., Carpenters,* 49 Cal.2d 45, 63 [315 P.2d 322].)

Section 301 is similarly construed to sanction a suit in a state court by an employee against his union for breach of a collective bargaining agreement where the breach is related to a breach of the union's duty of fair representation of its members. (*Humphrey* v. *Moore,* 375 U.S. 335 [11 L.Ed.2d 370, 84 S.Ct. 363], characterized in *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 299 [29 L.Ed.2d 473, 490]; *Buzzard* v. *Local Lodge 1040 Int. Ass'n of Mach. & A. Wkrs.* (9th Cir. 1973) 480 F.2d 35.) The breach of that duty, i.e., the responsibility of a union selected as a bargaining agent by employees to discharge its agency by representing the interest of each employee fairly and impartially making "an honest effort to serve the interests of all [its] members, without hostility" and in complete good faith and honesty (*Humphrey* v. *Moore, supra,*

---

The jurisdiction of state courts over suits alleging violations of collective bargaining agreements is concurrent with federal court jurisdiction under this section. (*Dowd Box Co.* v. *Courtney,* 368 U.S. 502, 507 [7 L.Ed.2d 483, 486-487, 82 S.Ct. 519].) The substantive law which the state court must apply in such cases is federal. (*Teamsters Local* v. *Lucas Flour Co.,* 369 U.S. 95, 102-104 [7 L.Ed.2d 593, 598-600, 82 S.Ct. 571].)

375 U.S. at p. 342 [11 L.Ed.2d at p. 378], citing *Ford Motor Co.* v. *Huffman,* 345 U.S. 330, 337-338 [97 L.Ed. 1048, 1057, 73 S.Ct. 681]) may also be redressed in an action brought by the employee against the union in a state court although unaccompanied by a breach of a collective bargaining agreement. (*Vaca* v. *Sipes,* 386 U.S. 171 [17 L.Ed.2d 842, 87 S.Ct. 903], characterized in *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 299 [29 L.Ed.2d 473, 490].)

Here the complaint at bench encompasses a suit by individual employees against a union alleging one cause of action for the union's breach of a provision of a collective bargaining agreement, a breach which is related to the union's duty of fair representation to plaintiffs, its members. It contains a second cause of action alleging breach of the duty of fair representation alone. The breach lies in the failure of the union honestly or fairly to discharge the duty to its members undertaken by it when it, as their agent, negotiated the collective bargaining agreement. Contrary to that duty and for reasons of internal union politics, Union breached a provision of the agreement by discriminating in dispatching plaintiffs, appellants, to jobs. *Smith, Humphrey,* and *Vaca, supra,* declare that the California court has jurisdiction to entertain both causes of action.

Respondents' contention to the contrary and the rationale of the trial court's decision sustaining respondents' demurrer for lack of state court jurisdiction are founded primarily upon the United States Supreme Court decisions in *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, and *Plumbers' Union* v. *Borden, supra,* 373 U.S. 690. Both are distinguishable from the case at bench.

Lockridge was a member of the Motor Coach Employees Union. The union had signed a contract with Western Greyhound Lines containing a union security clause requiring that all employees of Western remain members of the union as a condition precedent to continued employment. The union constitution provided for automatic suspension of a member two months in arrears in his dues. Misconstruing the constitution, the union suspended Lockridge and obtained his dismissal by Western because of the union security clause of the collective bargaining agreement. Lockridge sued the union in an Idaho court, obtaining a judgment. The United States Supreme Court, applying the rule of *Garmon,* held that exclusive jurisdiction of the dispute was in the National Labor Relations Board. It reasoned that no breach of the duty of fair representation was sued upon or involved so that *Humphrey* and *Vaca* did not apply.

On the facts alleged in the complaint in the case at bench, it is the

*Smith, Humphrey* and *Vaca* principle and not the *Lockridge* application of the rule of *Garmon* that controls. In *Lockridge,* the suit was not bottomed upon the collective bargaining agreement which apparently did not contain a provision restricting the union's right to discriminate against its own members, but rather upon the by-laws of the union which were violated in a fashion directly affecting the employee's right to present and future employment. *Lockridge* thus seems squarely within the ambit of *Plumbers' Union* v. *Borden, supra,* 373 U.S. 690. The *Lockridge* court emphasizes at some length that no issue of breach of a duty of fair representation is there involved. (*Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 300 [29 L.Ed.2d 473, 490-491].) In the case at bench, as in *Smith* and *Humphrey,* the first cause of action is bottomed upon breach of a provision of a collective bargaining agreement for the benefit of the plaintiff employees, a breach related to the defendant union's breach of its duty of fair representation to the plaintiffs. In the case at bench, as in *Vaca,* the second cause of action alleges a breach of the duty of fair representation.[3]

As the matter at bench is different from *Lockridge,* it is also materially distinguished from *Borden.* While *Borden,* as does the case at bench, treats of union discrimination in hiring hall practices, there it is in the sole context of an internal union matter affecting present and future employment and not in relation to a contract negotiated in collective bargaining by a union as sole representative of the employee. (373 U.S. at p. 691 [10 L.Ed. 2d at p. 640]; see also *International Brotherhood of Teamsters, etc. of America* v. *Superior Court,* 20 Cal.App.3d 517 [97 Cal.Rptr. 765].) The union's dereliction was one proscribed by sections 8(b)(1)(A) and 8(b)(2) of the National Labor Relations Act (373 U.S. 690, 694 [10 L.Ed.2d 638, 641-642]), and section 301 was inapplicable. In the case at bench, the hiring hall discrimination is in breach of a collective bargaining agreement and is alleged to have occurred in relation to a breach of a duty of fair representation in implementation of it. It is the nature of the lawsuit and not whether a hiring hall is involved that determines state court jurisdiction of labor matters. The nature of the causes of action alleged in the complaint bring it within the rather narrow area where the United States Supreme Court has determined that state court jurisdiction exists by reason of section 301 of the National Labor Relations Act. (*Shaw* v. *Metro-Goldwyn-Mayer, Inc.,* 37 Cal.App.3d 587 [113 Cal.Rptr. 617].)

*Exhaustion of Administrative Remedy.* Respondents contend that the

---

[3]The second cause of action may or may not be deficient substantively. If deficient, it seems clearly amendable.

demurrer was properly sustainable for failure of appellants to exhaust their remedies before the National Labor Relations Board. The identical contention has been rejected by our Supreme Court in *Grunwald-Marx, Inc.* v. *L. A. Joint Board,* 52 Cal.2d 568 [343 P.2d 23]. *Grunwald* dictates that the contention be rejected here.

*Class Action.* Respondents contend, also, that the action at bench is not properly maintainable as a class action. In the context of the case at bench, the issue is not one properly determinable on demurrer but must await further proceedings in the trial court. (*La Sala* v. *American Sav. & Loan Assn.,* 5 Cal.3d 864, 883 [97 Cal.Rptr. 849, 489 P.2d 1113]; *Beckstead* v. *Superior Court,* 21 Cal.App.3d 780, 783 [98 Cal.Rptr. 779].)

■ *Individual Defendants.* The demurrers of the individual defendants Renteria and Enriquez were properly sustained. The complaint shows on its face that the individual defendants were agents and officers of the union. Absent tortious conduct on their part, they are not liable to third persons for conduct in the course of their agency. (Civ. Code, § 2343.) The complaint alleges no tortious acts of the individual defendants. Since, however, we reserve the judgment of dismissal as to the union, appellants should be given the opportunity to amend their complaint, if they desire, to attempt to state a cause of action against the individuals.

*Disposition.* The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 19, 1974.