[Civ. No. 35902. First Dist., Div. Four. Apr. 22, 1975.]

ANNA POSNER et al.,
Plaintiffs, Cross-defendants and Respondents, v.
UTILITY WORKERS UNION OF AMERICA et al.,
Defendants, Cross-complainants and Appellants.

## Counsel

Wylie, Leahy, Blunt & McBride and Mark H. Lipton for Defendants, Cross-complainants and Appellants.

Lewis, Diemer, Schneider & Foster and Michael E. Schneider for Plaintiffs, Cross-defendants and Respondents.

## Opinion

**CHRISTIAN, J.**—Utility Workers Union of America, Local 259, appeals from a judgment determining that fines levied by it against respondents, who are members of the union, were not valid.

Appellant is a labor organization which represents employees of San Jose Water Works, a utility corporation. Respondents were employees of the water works and members of the union. Negotiations for a new collective bargaining agreement broke down in January 1969; the union membership voted to strike and began picketing the premises of the water works. There was evidence that membership meetings of the local, leading up to the strike vote, were scenes of disorderly conflict and that respondents, who opposed the strike, were not given an opportunity to air their views. There was also evidence that the bargaining proposals of the union and management were not clearly presented to the members. Feeling aggrieved by the decision to strike, respondents crossed picket lines and continued to work. Under provisions of the union constitution, charges were then made against respondents, alleging that they had engaged in conduct "unbecoming a union member." A trial board was appointed by the president of the union to adjudicate the charges. Respondents were found guilty of the charges and fined in varying

amounts. The full membership voted thereafter to approve the fines. Respondents requested an appellate review by the national executive board of the union. The decisions of the trial board were summarily affirmed by the national executive board.

■ Appellant contends that the trial court, in holding the penalties invalid, exceeded the scope of judicial review of union disciplinary action permitted by the Labor Management Reporting and Disclosure Act.[1] The contention is unfounded. Congress has expressly withheld preemption of any rights or remedies which a union member may have under state law. (29 U.S.C. §§ 413,[2] 523;[3] *Parks* v. *International Brotherhood of Electrical Wkrs.* (4th Cir. 1963) 314 F.2d 886, 922, cert. den., 372 U.S. 976 [10 L.Ed.2d 142, 83 S.Ct. 1111]; *Tomko* v. *Hilbert* (3d Cir. 1961) 288 F.2d 625, 629; see also *Fulton Lodge No. 2 of Int. Ass'n of Mach. & Aero. Wkrs.* v. *Nix* (5th Cir. 1969) 415 F.2d 212, 215-216, fn. 7, cert. den., 406 U.S. 946 [32 L.Ed.2d 332, 92 S.Ct. 2044].) The rights and remedies provided by the federal statute are additional to other rights of union members under state law. (*Grand Lodge of Internat. Ass'n of Machinists* v. *King* (9th Cir. 1964) 335 F.2d 340, 347, cert. den., 379 U.S. 920 [13 L.Ed.2d 334, 85 S.Ct. 274]; *Parks* v. *International Brotherhood of Electrical Wkrs., supra; Rekant* v. *Shochtay-Gasos Union, Local 446 etc.* (E.D.Pa. 1962) 205 F.Supp. 284, 292, revd. on other grounds, 320 F.2d 271; Atleson, *Union Fines and Picket Lines: The NRLA and Union Disciplinary Power* (1970) 17 U.C.L.A. L.Rev. 681, 725.) The trial court, therefore, was not bound to apply federal law in reviewing the disciplinary measures taken in this case.

---

[1] "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." (29 U.S.C. § 411(a)(5).)

[2] Section 413 provides: "Nothing contained in this subchapter shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal, or under the constitution and bylaws of any labor organization."

[3] Section 523, subdivision (a), provides: "Except as explicitly provided to the contrary, nothing in this chapter shall reduce or limit the responsibilities of any labor organization or any officer, agent, shop steward, or other representative of a labor organization, or of any trust in which a labor organization is interested, under any other Federal law or under the laws of any State, and, except as explicitly provided to the contrary, nothing in this chapter shall take away any right or bar any remedy to which members of a labor organization are entitled under such other Federal law or law of any State."

█ A labor union may impose reasonable monetary fines to compel participation in a lawful strike, and the courts will enforce these fines if they were authorized by the union constitution or rules and if the affected members' due process rights have been safeguarded. (*Jost* v. *Communications Workers of America* (1970) 13 Cal.App.3d Supp. 7, 12 [91 Cal.Rptr. 722].) The safeguards to which union members are entitled under state law include: "[P]rocedure . . . such as will afford the accused member substantial justice, and the requirements of a fair trial will be imposed even though the rules of the union fail to provide therefor. [Citations.] . . . [S]uch a trial includes the right to notice of the charges, to confront and cross-examine the accusers, and to examine and refute the evidence. [Citations.]" (*Cason* v. *Glass Bottle Blowers Assn.* (1951) 37 Cal.2d 134, 143-144 [231 P.2d 6, 21 A.L.R.2d 1387].)

█ Subject to the foregoing requirements of due process, "[t]he constitution of the union constitutes a contract with the members and is the measure of the authority conferred upon the organization to expel or otherwise discipline them." (*Harris* v. *Nat. Union etc. Cooks & Stewards* (1950) 98 Cal.App.2d 733, 736 [221 P.2d 136].) Disciplinary measures which do not conform to the union constitution are void and will not be enforced by the courts. (See, e.g., *Hopson* v. *Nat. Union etc. Cooks, Stewards* (1953) 116 Cal.App.2d 320, 327-328 [253 P.2d 733].)

█ There was substantial evidence that the proceedings which led to the attempt to discipline respondents did not comply with the union's constitution. Article XI, section H, of the constitution provides that: "Equal time shall be allowed for 'pro' and 'con' discussion" during strike meetings. There was evidence that respondents and others who opposed the strike were not given a fair opportunity to be heard. While a defense witness testified to the contrary, the conflict in the evidence was for the trial court to resolve.

The evidence also indicates that respondents were not fully apprised of their rights under the union constitution, to appeal; the notice sent by the union did not specify whether an evidentiary hearing would be provided on appeal, or whether respondents would be permitted to send personal representatives to the national executive board. Although the union constitution is silent on the question of notice, due process requires that a union member who desires to appeal be informed of the appellate procedure to be followed so as to afford him an adequate opportunity to prepare his appeal. (See *Gleeson* v. *Conrad* (1949) 276 App.Div. 861, 862 [93 N.Y.S.2d 667, 669]; cf. *Cason* v. *Glass Bottle*

*Blowers Assn., supra,* 37 Cal.2d at pp. 143-144.) The trial court was justified in finding that the union had failed to safeguard respondents' appellate rights.

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied May 12, 1975, and appellants' petition for a hearing by the Supreme Court was denied June 19, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.