[Civ. No. 46568. Second Dist., Div. One. Dec. 5, 1975.]

WRITERS' GUILD OF AMERICA WEST, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
STEVEN BOCHCO et al., Real Parties in Interest.

470

---

**COUNSEL**

Paul P. Selvin for Petitioner.

No appearance for Respondent.

Gold, Herscher & Taback, Joseph Taback and Michael S. Luros for Real Parties in Interest.

## Opinion

**THOMPSON, J.**—This petition for writ of prohibition or mandate raises the issue of state court subject matter jurisdiction to entertain an action for damages filed by members of a labor union alleging conduct of the union disciplining or threatening to discipline its plaintiff members for crossing the union's picket line during a strike. The action proceeds on the theory that the union's constitution and bylaws do not prohibit the conduct of members for which discipline was threatened or imposed. Determining that the essence of the plaintiff members' causes of action consists of allegations of conduct arguably within the jurisdiction of the National Labor Relations Board, we conclude that the California courts lack subject matter jurisdiction. Accordingly, we direct that a writ of prohibition issue.

### Facts

Petitioner, Writers' Guild of America West, Inc. (Guild), is a labor union representing writers in industry-wide collective bargaining agreements with motion picture and television studios and networks. It is certified as a labor organization under the National Labor Relations Act (NLRA). Real parties in interest are members of Guild who are producers and directors as well as writers in the television industry. In the jargon of the trade, they are called "hyphenates," i.e., "writer-director" or "writer-producer."

In 1973, Guild engaged in a strike against employers of writers and hyphenates. Guild's strike rule required its members to honor the Guild picket lines and to refrain from rendering services as writers to struck employers. Real parties honored the Guild picket lines during the course of the strike and by doing so lost the benefit of contractual and other arrangements by which they would have received economic gain working as producers or directors for the struck employers.

Three struck employers and an employers' association filed charges with the National Labor Relations Board (NLRB) asserting that the conduct of Guild "threatening to fine, blacklist, and otherwise discipline producers, executive producers, directors, executives and other supervisory personnel in the event said personnel continue to perform their supervisory and other responsibilities during [Guild's] strike" constituted coercion of the employers, an unfair labor practice proscribed by section 8 (b), subsection (1) of the NLRA. Real parties were named as among

those whom Guild threatened discipline. The NLRB took jurisdiction of the charges.[1] It determined that Guild was guilty of unfair labor practice as charged. The NLRB determination is now pending on judicial review in the federal Court of Appeals of the Second Circuit.

On January 11, 1974, real parties filed their complaint which is the subject of the application for writ of prohibition or mandate now before us. Framed in 45 causes of action asserted in favor of the 11 real parties, the complaint alleges that each of the real parties was, at the time of the strike, a party to a contract with a studio-employer pursuant to which he was to perform services other than as a writer. The pleading asserts that while the Guild constitution and bylaws did not permit Guild to regulate the conduct of real parties in the performance of services other than as writers, Guild contended that real parties could not work for the struck employers as producers or directors and threatened real parties with "censure, fines, disciplinary proceedings and expulsion," thereby forcing real parties to repudiate and not perform their contracts. The complaint seeks declaratory relief and damages for interference with contract, interference with business relationship, and breach of contract. Adding the allegation that Guild's assertion of authority to discipline was knowingly false, the complaint also includes causes of action seeking damages for fraud.

Guild filed a general demurrer to the complaint and a motion to strike and dismiss the pleading on the ground that the NLRA preempted to the NLRB jurisdiction over the conduct which is the basis of the causes of action in the complaint. The motion is supported by unrebutted declarations setting forth the facts of the Guild's and real parties' status, the interstate commerce connection of the Guild and the 'production companies, the strike, the strike rule requiring that the picket line be honored, and the threat of discipline to Guild members who violated the strike rule. The declarations state that while disciplinary proceedings were instituted by Guild against some of real parties, they were dismissed except as to one, and 'that in the one instance the discipline took the form of a fine of $179.40.

The trial court overruled the demurrer and denied the motion to dismiss the complaint. Guild filed its petition for writ of prohibition or mandate with this court. We, with one dissent, denied an alternative writ.

---

[1]The NLRB is vested by statute with discretion to permit parties other than the respondent to intervene. (29 U.S.C. § 160(b); *National Labor Relations Board v. Bell Oil & Gas Co.* (5th Cir. 1938) 98 F.2d 870, 871.)

Guild petitioned for hearing in our Supreme Court. The high court granted the petition and transferred the matter back to us with direction to issue an alternative writ, citing *Hill* v. *United Brotherhood of Carpenters etc. of America, Local 25,* 49 Cal.App.3d 614 [122 Cal.Rptr. 722], hearing denied September 10, 1975. We issued the alternative writ.

## Preemption

"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act [29 U.S.C. § 157, establishing the rights of employees to organize and bargain collectively], or constitute an unfair labor practice under § 8 [29 U.S.C. § 158] due regard for the federal enactment requires that state jurisdiction must yield." When it is not clear whether or not activities are governed by section 7 or section 8, the initial determination must be made by the National Labor Relations Board. (*San Diego Unions* v. *Garmon,* 359 U.S. 236, 244-245 [3 L.Ed.2d 775, 782-783, 79 S.Ct. 773]; *Magallanes* v. *Local 300, Laborers' Internat. Union of North America,* 40 Cal.App.3d 809, 813-814 [115 Cal.Rptr. 428], cert. den., 419 U.S. 1121 [42 L.Ed.2d 820, 95 S.Ct. 803].) If it may be reasonably asserted that the conduct called into question is subject to NLRB jurisdiction, state power is preempted. (*Plumbers' Union* v. *Borden,* 373 U.S. 690, 694 [10 L.Ed.2d 638, 641-642, 83 S.Ct. 1423].) Thus there is federal preemption where "it is reasonably 'arguable' that the matter comes within the [National Labor Relations] Board's jurisdiction." (*Plumbers' Union* v. *Borden, supra,* 373 U.S. 690, 696 [10 L.Ed.2d 638, 642-643]; *Hill* v. *United Brotherhood of Carpenters etc. of America, Local 25, supra,* 49 Cal.App.3d 614, 623.) Where union action and resulting inability of a union member to obtain employment are in some way "based on [the employee's] actual or believed failure to comply with internal union rules, it is certainly 'arguable' that the union's conduct violated § 8(b)(1)(A), by restraining or coercing [the employee] in the exercise of his protected right to refrain from observing those rules . . . ." (*Plumbers' Union* v. *Borden, supra,* 373 U.S. 690, 694 [10 L.Ed.2d 638, 642].)

Federal preemption exists "to shield the system [of regulation of labor relations] from conflicting regulation of conduct. It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern." (*Motor Coach Employees* v. *Lockridge,* 403 U.S. 274, 292 [29 L.Ed.2d 473, 486, 91 S.Ct. 1909], rehg. den., 404 U.S. 874 [30 L.Ed.2d 120, 92 S.Ct. 24].) Thus state jurisdiction is preempted despite the proposition that a state lawsuit sounds in breach

by a union of the contract with its members embodied in its constitution and bylaws (*Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 292 [29 L.Ed.2d 473, 486]), or tortious interference with a contract relationship (*Iron Workers* v. *Perko,* 373 U.S. 701, 702-703 [10 L.Ed.2d 646, 647-648, 83 S.Ct. 1429]). Preemption is not avoided by allegation of incidental misconduct so long as the crux of the action concerns employment relationships and is arguably within NLRB jurisdiction. (*Hill* v. *United Brotherhood of Carpenters etc. of America, Local 25, supra,* 49 Cal.App.3d 614, 627.) State courts lack jurisdiction of the dispute despite the proposition that the plaintiff is a supervisor asserting exemption from the scope of the Board's jurisdiction if the presence of NLRB jurisdiction is arguable. (*Iron Workers* v. *Perko, supra,* 373 U.S. 701, 706-707 [10 L.Ed.2d 646, 649-651].)

Here the complaint filed by real parties in interest asserts causes of action based on conduct which is at least arguably within the jurisdiction of the NLRB.

Section 7 of the National Labor Relations Act embodied in section 157 of title 29 of the United States Code states: "Employees shall have the right to self-organization, . . . to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining . . . and shall also have the right to refrain from any or all of such activities . . . ." Section 8 of the act embodied in section 158, subdivision (b), of title 29 of the United States Code provides: "It shall be an unfair labor practice for a labor organization or its agents: (1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title . . . ."

The essence of the complaint filed by real parties in interest is that conduct of Guild coerced them to forego the right guaranteed them by section 157 of title 29 of the United States Code to refrain from the collective action and strike activities of Guild. Any doubt that the conduct is arguably within the jurisdiction of the NLRB is dispelled by the fact that the board has in fact taken jurisdiction over it. (*Hill* v. *United Brotherhood of Carpenters etc. of America, Local 25, supra,* 49 Cal.App.3d 614, 628.)

Thus, unless the matter at bench presents an exception to the general rule of federal preemption, the superior court in which the complaint of real parties was filed has no jurisdiction of the cause.

### Exceptions to Rule of Federal Preemption

■ The rule of federal preemption of regulation of conduct which is arguably within the jurisdiction of the NLRB is not universal. It is subject to exceptions: (1) where the conduct focuses on purely internal union matters not having a direct and immediate effect upon employment[2] (*Machinists* v. *Gonzales,* 356 U.S. 617 [2 L.Ed.2d 1018, 78 S.Ct. 923], as characterized in *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 295 [29 L.Ed.2d 473, 487-488]; see also *Posner* v. *Utility Workers Union of America,* 47 Cal.App.3d 970 [121 Cal.Rptr. 423]; *Fulton Lodge No. 2 Int. Ass'n Mach. & Aero. Wkrs.* v. *Nix* (5th Cir. 1969) 415 F.2d 212; *International Bro. of Boilermakers, etc.* v. *Braswell* (5th Cir. 1968) 388 F.2d 193, 196); (2) where the Congress has affirmatively indicated that state jurisdiction shall exist as in section 301 of the National Labor Relations Act (29 U.S.C. § 185) dealing with enforcement of collective bargaining agreements; (3) where it cannot be conscientiously presumed that the Congress meant to intrude so deeply into areas traditionally left to local law as, for example, to preempt recovery for malicious defamation (*Linn* v. *Plant Guard Workers,* 383 U.S. 53, 62 [15 L.Ed.2d 582, 589-590, 86 S.Ct. 657], or to preempt prevention of violence (*Automobile Workers* v. *Russell,* 356 U.S. 634, 640 [2 L.Ed.2d 1030, 1035-1036, 78 S.Ct. 932]; and (4) where "the particular rule of law sought to be invoked . . . is so structured and administered that, in virtually all instances, it is safe to presume that judicial supervision will not disserve the interests promoted by the federal labor statutes," as for example, enforcement of the implied covenant of fair representation (*Vaca* v. *Sipes,* 386 U.S. 171 [17 L.Ed.2d 842, 87 S.Ct. 903]; *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 297-298 [29 L.Ed.2d 473, 488-490]).

■ Here none of the exceptions to the rule of preemption applies.

Real parties' complaint alleges conduct directly related to their employment with an immediate effect upon it. (*Scofield* v. *NLRB,* 394 U.S. 423, 428-429 [22 L.Ed.2d 385, 392-393, 89 S.Ct. 1154].) It is the interference with their employment which is the basis of the causes of action.

■ Congress has not affirmatively indicated that state jurisdiction shall exist over the conduct which is alleged in the complaint. Real

---

[2]Conceivably the complaint states a cause of action for recovery of the $179 fine imposed on one of the plaintiffs (*Posner* v. *Utility Workers Union of America, supra,* 47 Cal.App.3d 970). That cause is, however, within the jurisdiction of the municipal court.

parties seek that indication in the Labor Management Reporting and Disclosure Act of 1959 codified in section 153 et seq. of title 29 of the United States Code (the LMRDA). Section 101 of the LMRDA, embodied in section 411 of title 29 of the United States Code, states, in subdivision (a)(5): "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." Section 103 of the LMRDA preserves state court remedies of members of labor organizations under union constitutions and bylaws for conduct violating the LMRDA despite the federal enactment. (Summers, *The Law of Union Discipline: What the Courts Do in Fact*, 70 Yale L.J. 175, 176.) Real parties argue that while they were not denied notice, opportunity to prepare, or a full hearing when Guild threatened or imposed discipline, the threat or imposition was for conduct not proscribed by the Guild's constitution or bylaws and for that reason alone denied them a fair hearing. They extend the argument to the conclusion that the conduct of Guild being within the scope of the LMRDA and state jurisdiction over the conduct having been preserved by section 103, state jurisdiction exists despite the preemption of the National Labor Relations Act. While the first step of real parties argument may be correct, their leap from that step to their conclusion is not.

Faced with a similar argument that union discipline not authorized by its constitution and bylaws denied the fair hearing required by the LMRDA, the United States Supreme Court said: ". . . § 101(a)(5) was not intended to authorize courts to determine the scope of offenses for which a union may discipline its members.[11]" (*Boilermakers* v. *Hardeman,* 401 U.S. 233, 244 [28 L.Ed.2d 10, 20, 91 S.Ct. 609], rehg. den., 402 U.S. 967 [29 L.Ed.2d 132, 91 S.Ct. 1607].) In footnote 11, the high court added: "State law, in many circumstances, may go further. . . . But Congress, which preserved state law remedies by § 103 of the LMRDA, 29 U.S.C. § 413, was well aware that even the broad language of Senator McClellan's original proposal was more limited in scope than much state law."

Footnote 11 of *Hardeman* more than hints that a cause of action may lie in the state courts for union action disciplining a member for conduct not proscribed by the union bylaws and constitution. That proposition is by no means dispositive of the case at bench, however. Power of the state court to act in a case focusing on purely internal union affairs where the

conduct upon which the case is based has no direct and immediate effect upon employment (*Machinists* v. *Gonzales, supra,* 356 U.S. 617) does not itself establish exemption from the federal preemption by NLRB jurisdiction where the conduct has a direct and immediate effect upon employment. Enforcement of claims under the LMRDA was referred by Congress "not to the NLRB, but to the federal district courts." (*Boilermakers* v. *Hardeman, supra,* 401 U.S. 233, 239 [28 L.Ed.2d 10, 17].)

The interrelation of preemption by NLRB jurisdiction and the impact of preservation of state court remedies by the LMRDA is addressed, albeit somewhat indirectly, by the United States Supreme Court in *Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274. Lockridge sued his union in the state court, claiming that, in violation of a union bylaw, he had been suspended from membership and therefore fired from his job by an employer who was a party to a collective bargaining agreement requiring that its employees remain union members. He sought monetary damages for breach of contract and wilful conduct interfering with his employment. Finding that the union's coercive conduct which was the basis of Lockridge's lawsuit was arguably an unfair labor practice within the jurisdiction of the NLRB, the Supreme Court of the United States held that the state court lacked jurisdiction of the lawsuit by reason of federal preemption.

A dissenting opinion by Justice White, in which Chief Justice Burger joined, concluded that preemption did not apply. The dissenting opinion buttresses its conclusion by reference to the preservation of state remedy provisions of the LMRDA, stating that they indicate a Congressional intent not to preempt state-based causes of action for breach of contract which are arguably also unfair labor practices. (*Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 321-325 [29 L.Ed.2d 473, 502-505].) The reasoning of the dissent is dismissed with a footnote in the majority opinion stating: "For these reasons Mr. Justice White's analogies do not persuade us. Unlike the problem here under review, Congress did not put enforcement of the Labor-Management Reporting and Disclosure Act of 1959 into the hands of the Board." (403 U.S. 274, 289, fn. 5 [29 L.Ed.2d 473, 484].)

Read together, the majority and dissenting opinions in *Lockridge* indicate that there the Supreme Court of the United States considered the argument which real parties assert here. The high court concluded that the argument was not persuasive and that the LMRDA did not limit the preemption doctrine applicable to conduct arguably within the unfair labor practice jurisdiction of the NLRB.

Here the area of dispute is not one "traditionally left to local law." It is rather an area of labor dispute archetypically within the province of the NLRB. ■ Real parties seek to avoid the otherwise inescapable conclusion by arguing that the California Constitution guarantees a right to employment free of arbitrary impairment. Assuming real parties' constitutional construction is correct, it adds nothing to their case. A state constitutional provision is of no particular help in interpreting what conduct is "traditionally left to local law." A state constitutional provision is as much preempted by federal law as is a state statute if preemption applies.

Finally, this is not a situation where the particular California law, which real parties seek to invoke, is so structured and administered that, in virtually all instances, it is safe to presume that judicial supervision will not disserve the interests prompted by federal labor statutes. Preemption is designed not only to assure conformity of substantive law. It seeks "as well to restructure fundamentally the processes for effectuating that policy, deliberately placing the responsibility for applying and developing this comprehensive legal system in the hands of an expert administrative body . . . . Thus, that a local court, while adjudicating a labor dispute also within the jurisdiction of the NLRB, may purport to apply legal rules identical to those prescribed in the federal Act . . . does not mean that all relevant potential for debilitating conflict is absent." (*Motor Coach Employees* v. *Lockridge, supra,* 403 U.S. 274, 288-289 [29 L.Ed.2d 473, 483-484].)

In sum, we conclude that compelling precedent establishes that real parties' complaint alleges causes of action based upon conduct which is arguably within the jurisdiction of the National Labor Relations Board. We conclude also that, subject to specifically defined exceptions, state court jurisdiction is therefore precluded and that none of the defined exceptions is here present.

### Disposition

Let a peremptory writ of prohibition issue directing respondent superior court to take no further action on the complaint of real parties in interest other than to dismiss it.

Wood, P. J., and Hanson, J., concurred.

A petition for a rehearing was denied December 30, 1975, and the petition of the real parties in interest for a hearing by the Supreme Court was denied January 28, 1976.