[Civ. No. 24003. Fourth Dist., Div. One. Nov. 13, 1980.]

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 102, AFL-CIO, Petitioner, v.
THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;
ROYAL CONVALESCENT HOSPITAL, INC.,
Real Party in Interest.

**COUNSEL**

Geffner & Satzman and Jeff Paule for Petitioner.

No appearance for Respondent.

Fred J. Friedman for Real Party in Interest.

## OPINION

**STANIFORTH, J.**—This petition for writ of prohibition was brought by Service Employees International Union, Local 102, AFL-CIO (Union) to restrain the superior court from exercising further jurisdiction in this matter, claimed to rest within the exclusive jurisdiction of the National Labor Relations Board (Board). We agree the matter is not within the jurisdiction of the superior court and accordingly issue the writ of prohibition as prayed. (Code Civ. Proc., § 1102; *Musicians Union Local No. 6* v. *Superior Court* (1968) 69 Cal.2d 695 [73 Cal. Rptr. 201, 447 P.2d 313]; *Writers' Guild of America West, Inc.* v. *Superior Court* (1975) 53 Cal.App.3d 468, 473, 474 [126 Cal.Rptr. 498].)

Plaintiff (real party) Royal Convalescent Hospital, Inc. (Royal) initiated the action by its complaint for a temporary restraining order and preliminary and permanent injunctions. It alleges Union "engineered a concerted refusal to work" in Royal's hospital without first notifying Royal and the Federal Mediation and Conciliation Service of its intention, in violation of section 8(g) of the National Labor Relations Act (NLRA) (29 U.S.C. § 158). Royal claims the walkout was motivated by prejudice against the religious beliefs of its majority shareholder, and further claims unless enjoined, the walkout will seriously impair the health and well-being of its patients. The trial court issued a preliminary injunction which we have stayed.

Before filing the complaint, Royal complained to the regional director of the Board about the alleged threatened walkout. The acting director declined to issue a complaint because there was no showing the Union either authorized or condoned any sick-out action of Royal's employees. The Board stated unorganized workers such as Royal's employees are not subject to the notice-giving requirement of section 8(g).

The jurisdictional basis alleged by Royal for the superior court's issuance of a preliminary injunction here is (1) the Board has an antimanagement attitude so that Royal cannot get a fair hearing there; (2) the nearest Board office is over 100 miles from Royal; (3) the threatened conduct has a direct and immediate effect on the public health and safety of the jurisdiction and is thus traditionally subject to local adjudication. In support of these arguments Royal cites *Linn* v. *Plant Guard Workers* (1966) 383 U.S. 53 [15 L.Ed.2d 582, 86 S.Ct. 657], in which a cause of action for libel was found not exclusively within the Board's

jurisdiction even though the libelous acts might also constitute unfair labor practices.

■ In general, the Board has exclusive jurisdiction over conduct either protected or prohibited under the NLRA. (*Kaplan's Fruit & Produce Co. v. Superior Court* (1979) 26 Cal.3d 60, 68 [162 Cal.Rptr. 745, 603 P.2d 1341], citing *San Diego Unions* v. *Garmon* (1959) 359 U.S. 236 [3 L.Ed.2d 775, 79 S.Ct. 773]. Local courts retain power to adjudicate such matters when they are of "particular local concern," meaning when they constitute violations of local law or torts, most typically, obstructions of access or violent picketing. (*Kaplan's Fruit & Produce Co., supra*, 26 Cal.3d 60, 68-69; *Auto Workers* v. *Wisconsin Board* (1956) 351 U.S. 266 [100 L.Ed. 1162, 76 S.Ct. 794].) The doctrine of preemption as applied to prohibited conduct, such as we may have here, is intended to prevent the possibility of conflicting adjudications of labor boards and courts as well as to prevent state incursions into federal matters. (*Kaplan's Fruit & Produce Co., supra*, at p. 71; *Sears, Roebuck & Co.* v. *Carpenters* (1978) 436 U.S. 180 [56 L.Ed.2d 209, 98 S.Ct. 1745].) The historic exceptions to the preemption rule are few and deal with illegal or wrongful conduct such as violence, infliction of emotional distress, and mass picketing, in particularly egregious or dangerous factual situations. (See cases cited in *Kaplan's, supra*, at p. 68; see discussion in *Hotel & Restaurant Employees etc. Union* v. *Anaheim Operating, Inc.* (1978) 82 Cal.App.3d 737, 744 et seq. [147 Cal.Rptr. 510].) The *Hotel, etc.* case, *supra*, holds the state court has jurisdiction over a suit for defamation based on speech which may be protected under the NLRA, relying on *Linn, supra*, because the scope of proof of defamation, including actual malice and falsity, transcends the scope of an unfair labor practice charge rather than duplicating it, so that local jurisdiction exists to protect plaintiff against conduct which the state may legitimately restrain, without unduly interfering with labor relations regulation before the Board.

■ Here the claim for relief begins and ends with the assertion the walkout violates the NLRA, section 8(g). No other basis for the claim appears. There is no showing whatsoever how the scope of the action may transcend or significantly differ from the relief sought before the Board. Further, the preliminary injunction already issued clearly conflicts with the decision of the Board that no action against Union was warranted. This is therefore a clear case where the superior court's jurisdiction has been preempted by the Board.

Let a writ of prohibition issue restraining the superior court from taking any further action in these proceedings except to dismiss the complaint. Our temporary stay of the preliminary injunction is continued in effect until this opinion shall become final.

Brown (Gerald), P. J., and Wiener, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied January 21, 1981.